108.   Defendants TGC, Wal USA, Wal Costa Rica, Phan, Wallack and Dukascopy  acquired possession of Plaintiffs' investments in an unauthorized manner. Specifically, each of the Defendants acquired custody of Plaintiffs' invested assets and then facilitated the diversion of those assets to the detriment of Plaintiffs for their own monetary gain.

109.   TGC, Wal USA, Wal Costa Rica, Phan and Wallack acquired the actual invested funds of Plaintiffs.  In the cases of Wal Costa Rica, CTN, Metatrader and Dukascopy, they likely received ill-gotten trading commissions, rebates, referral fees derived from Plaintiffs funds.

110.   By virtue of these transfers, the aforementioned Defendants have withheld ownership of these assets from their rightful owners.  Accordingly, the aforementioned Defendants are liable for these conversions and are individually liable jointly and severally to Plaintiffs.  By virtue of their approval of the business conduct of TGC and Wal Costa Rica, the directors of each of these entities aided and abetted the conversions that injured Plaintiffs.

111.   My Forex Planet and Zenoost, used by Phan and Wallack to fund investments in TGC for several of the Plaintiffs through bank accounts and merchant accounts, and for the facilitation of the honoring redemption requests, aided and abetted the conversions that have injured Plaintiffs.

**VERIFIED COMPLAINT**

41

112.   CTN (acting directly or indirectly through Moskowitz) and Metatrader, through the facilitation of false and/or fictitious trading reports and account statements, aided and abetted the conversions that injured Plaintiffs. The concealment of conversions by CTN and Metatrader prevented Plaintiffs from taking corrective action to prevent the conversion of their funds entrusted to Wal Costa Rica, Apex, My Forex Planet, TGC, Dukascopy and others.

113.   Dukascopy knew or should have known that the trading and transfers of funds out of Wal Costa Rica to others who were not reputable investment managers were not intended for legitimate trading activities.  Through the facilitation of trading for TGC, Apex and Wal Costa Rica, aided and abetted the conversions that injured Plaintiffs.  Dukascopy thus aided and abetted the conversions that injured Plaintiffs.

## PRIMARY VIOLATIONS OF COMMODITIES EXCHANGE ACT
### (against TGC, Wal USA, Wal Costa Rica, Apex, My Forex Planet, Phan and Wallack)

114.   Paragraphs 1 through 113 are repeated as if stated in their entirety.

115.   The Commodities Exchange Act ("CEA"), 7 U.S.C. §6b, provides for private causes of action for schemes and artifices to defraud public customers through the statements and/or omissions of material fact, including those matters involving currency trading.

**VERIFIED COMPLAINT**

9594801_4

116.   The conduct of TGC, its traders and its principals from October 2009 to the present in, *inter alia*, its (a) mismanagement of funds of the TGC Plaintiffs in direct contravention of their investment objectives and financial situation, (b) misappropriation or conversion of Plaintiffs' funds, (c) false and misleading representations to Plaintiffs and other investors that its trading programs would generate profits when it was known it would not and (d) numerous misrepresentations from its agents (including Phan, Baker and Alcaraz) and TGC directly concerning the safety of the custody of funds from its offices shared with Defendant Coldwell were made for the purpose of concealing the true fraudulent intent of TGC to abscond with those funds and lure them into inaction to protect their invested funds, based on false and misleading statements.

117.   TGC and its traders were engaged in schemes and artifices to defraud Plaintiffs.  The conduct of TGC and its traders is so blatant that scienter on the part of TGC and its traders may be inferred as a matter of law.  As such, TGC is liable to Plaintiffs under CEA Section 6b.

118.   The conduct of Apex and its principals, officer and directors from December 2010 to the present in, *inter alia*, its (a) mismanagement of Plaintiffs' funds in direct contravention of their investment objectives and financial situation, (b) misappropriation or conversion of Plaintiffs' funds, (c) false and misleading representations to Plaintiffs and other investors that its trading programs would

**VERIFIED COMPLAINT**

43

9594801_4

generate profits when it was known it would not, (d) its false and misleading representations concerning a purported "merger" and (e) numerous misrepresentations from its agents concerning the safety of the custody of Plaintiffs' funds were made for the purpose of concealing the true fraudulent intent of Apex to abscond with those funds to lull its customers into inaction to protect their invested funds, based on false and misleading statements.

119. Apex was engaged in schemes and artifices to defraud Plaintiffs. The conduct of Apex and its officers and directors is so blatant that scienter on the part of Apex may be inferred as a matter of law. As such, Apex is also liable to Plaintiffs under CEA Section 6b.

120. The conduct of My Forex Planet, Wal USA and Wal Costa Rica and its principals from October 2009 to the present in, *inter alia*, their individual or collective (a) mismanagement of Plaintiffs' funds in direct contravention of their investment objectives and financial situation, including fictitious trading, (b) failure to supervise the trading activities of TGC and Apex, (c) failure to take affirmative steps to prevent the misappropriation or conversion of Plaintiffs' funds and failure to warn of such misappropriations, commingling or conversion, (c) generation and dissemination of false and misleading trading statements, (d) misrepresentations to the TGC Plaintiffs and other investors that trading programs for which they would introduce trades (such as TGC and Apex) would generate profits when it was known they would not and/or

**VERIFIED COMPLAINT**

44

9594801_4

(e) numerous misrepresentations from its agents (including, but not limited to, Phan and Baker) concerning the safety of the custody of funds from its offices in California and Switzerland were made for the purpose of concealing the true fraudulent intent of TGC and Apex to abscond with the TGC Plaintiffs' funds and lure them into inaction, based on false and misleading statements and wrongful, fraudulent conduct.

121.   My Forex Planet, Wal USA and Wal Costa Rica were also engaged in schemes and artifices to defraud Plaintiffs as these misrepresentations, statements and omissions were disseminated for the sole intent of defrauding Plaintiffs and to assist in the absconding of their money by TGC and Apex, including but not limited to the commingling of funds of TGC and Wal Costa Rica.  My Forex Planet, Wal USA and Wal Costa Rica acted with scienter with respect to Plaintiffs as there is no plausible explanation other than fraud to justify their conduct.  As such, Wal USA and Wal Costa Rica are both liable to Plaintiffs under CEA Section 6b.

122.   The conduct of Phan and Wallack from October 2009 to the present in, *inter alia*, their (a) mismanagement of Plaintiffs' funds in direct contravention of their investment objectives and financial situation, including fictitious trading, (b) misappropriation, commingling  or conversion of Plaintiffs' funds, (c) false and misleading representations that trading programs (such as Apex and TGC) for which Wal USA and Wal Costa Rica introduced trades would generate profits when it was known they would not and/or (d) numerous misrepresentations concerning the safety

**VERIFIED COMPLAINT**

45

of the custody of funds committed to TGC, My Forex Planet and Wal Costa Rica from California and elsewhere were made for the purpose of concealing the true fraudulent intent of Wal Costa Rica, My Forex Planet, TGC and Apex to abscond with Plaintiffs' funds and lure them into inaction to protect their invested funds, all based on false and misleading statements and all the while generating commissions, margin interest and other revenue from the fraudulent and improper trading activities undertaken by Wal Costa Rica, My Forex Planet, TGC and Apex.

123.   Phan and Wallack were engaged in schemes and artifices to defraud Plaintiffs as their misrepresentations, statements and omissions were disseminated for the sole intent of defrauding Plaintiffs and to assist in the generation of ill-gotten profits from fraudulent trading activities and the absconding of their money by Wal Costa Rica, My Forex Planet, TGC and Apex.  Phan and Wallack acted with scienter with respect to Plaintiffs as there is no plausible explanation other than fraud to justify their conduct.   As such, Phan and Wallack are both liable to Plaintiffs under CEA Section 6b.

## AIDING/ABETTING VIOLATIONS OF COMMODITIES EXCHANGE ACT

### (against CTN, Moskowitz, Dukascopy, Metatrader and Coldwell)

124.   Paragraphs 1 through 123 are repeated as if stated in their entirety.

**VERIFIED COMPLAINT**

46

9594801_4

125.   Section 22(a)(1) of the CEA creates liability for "[a]ny person . . . who willfully aids, abets, counsels, induces, or procures the commission of a violation of this chapter. . . ."   Plaintiffs may maintain a cause of action against each of CTN, Moskowitz, Dukascopy and Metatrader for violations of CEA Section 22(a)(1). In addition, Section 25(a) of the CEA provides that "[a]ny person . . . who violates this chapter or who willfully aids, abets, counsels, induces, or procures the commission of a violation of this chapter shall be liable for actual damages."

126.   CTN acting through Moskowitz aided and abetted Phan, Wallack, Wal Costa Rica. Wal USA and TGC in their respective commissions of conduct in violation of the CEA through, *inter alia*, (a) providing the means and apparatus through which the fraudulent conduct of TGC and Wal Costa Rica could be consummated, (b) failing to conduct any due diligence of any meaningful sort of the business character and repute of TGC, Wal Costa Rica, Wal USA, My Forex Planet, Phan or Wallack and (c) failing to warn Plaintiffs and others investors who funds were entrusted to TGC, Wal Costa Rica or Wal USA that their funds were being mismanaged or misappropriated. As such, CTN and Moskowitz are liable to Plaintiffs under CEA Section 22(a)(1) and 25(a).

127.   Metatrader aided and abetted Phan, Wallack, Wal Costa Rica. Wal USA, My Forex Planet, TGC and Apex in their respective commissions of conduct in violation of the CEA through, *inter alia*, (a) providing the means and apparatus

**VERIFIED COMPLAINT**

47

through which the fraudulent conduct of TGC, Apex, My Forex Planet and Wal Costa Rica could be consummated, (b) failing to conduct any due diligence of any meaningful sort of the business character and repute of TGC, Wal Costa Rica, Wal USA, My Forex Planet, Apex, Phan or Wallack and (c) failing to warn Plaintiffs and others investors who funds were entrusted to TGC, Apex, My Forex Planet, Wal Costa Rica or Wal USA that their funds were being mismanaged or misappropriated.  As such, Metatrader is liable to Plaintiffs under CEA Section 22(a)(1) and 25(a).

128.   Dukascopy aided and abetted aided and abetted Phan, Wallack, Wal Costa Rica. Wal USA, Apex, My Forex Planet and TGC in their respective commissions of wrongful conduct in violation of the CEA through, *inter alia*, (a) providing the means and apparatus through which the fraudulent conduct of TGC, My Forex Planet and Wal Costa Rica could be consummated, (b) failing to conduct any due diligence of any meaningful sort of the business character and repute of TGC, Apex, Wal Costa Rica, Wal USA, My Forex Planet, Phan or Wallack, (c) failing to warn Plaintiffs and others investors who funds were entrusted to TGC,  My Forex Planet, Wal Costa Rica or Wal USA that their funds were being mismanaged or misappropriated and (d) continuing to conduct business with Wal Costa Rica and Apex after Wal Costa Rica was "blacklisted" by Swiss financial regulators.  As such, Dukascopy is liable to Plaintiffs under CEA Section 22(a)(1) and 25(a).

**VERIFIED COMPLAINT**

48

9594801_4

129.   Coldwell aided and abetted Phan, Wallack, Wal Costa Rica, Wal USA, Apex, My Forex Planet and TGC in their respective commissions of conduct in violation of the CEA through, *inter alia*, (a) housing the alleged headquarters of TGC in its London office and facilitating violations of the CEA were occurring (b) arranging for the formation of Wal Costa Rica when it knew or should have known that it was formed for the purpose of defrauding students enrolled with My Forex Planet and other investors of their funds and (c) failing to conduct any due diligence of any meaningful sort of the business character and repute of Phan or Wallack.   As such, Coldwell is liable to Plaintiffs under CEA Section 22(a)(1) and 25(a).

## RESPONDEAT SUPERIOR VIOLATIONS OF COMMODITIES EXCHANGE ACT

### (against Hernandez, Vallarino, Casares and Vilchez and Apex Officers)

130.   Paragraphs 1 through 129 are repeated as if stated in their entirety.

**131.**   Section 2(a)(1)(b) of the CEA also creates liability for an individual or corporate entity for "[t]he act, omission, or failure of any official, agent, or other person acting for any individual, association, partnership, corporation, or trust within the scope of his employment or office. . . ."   Courts have described subsection 2(a)(1)(B) of the CEA as codifying the common law doctrine of *respondeat superior*.

**VERIFIED COMPLAINT**

49

9594801_4

**132.**   Casares and Vilchez were and are officials and agents of Wal Costa Rica. Further, Casares and Vilchez, in their capacity of officials and agents of Wal Costa Rica, granted Defendant Wallack a full power of attorney over the affairs of Wal Costa Rica.

**133.**   Casares and Vilchez failed to conduct any due diligence into the business character and repute of Wallack in their grant of a full power of attorney to him over the business affairs of Wal Costa Rica.  Further, Casares and Vilchez in their capacity as officials and agents of Wal Costa Rica failed to take any affirmative steps to monitor, supervise or surveil any of the business activities of Wal Costa Rica, which as described herein were violative of the CEA.

134.   Hernandez, Vallarino and Fairfield Law Firm were and are officials and agents of TGC.  They failed to conduct any due diligence into the business character and repute of the principals of TGC although they had a basic duty to do so.   Further, Fairfield Law Firm, Hernandez and Vallarino in their capacity as officials and agents of TGC failed to take any affirmative steps to monitor, supervise or surveil any of the business activities of TGC, which as described herein were violative of the CEA.

135.   Officers/directors of Apex failed to conduct any due diligence into the business character and repute of the principals of Wal Costa Rica although they had a basic duty to do so.   They failed to take any affirmative steps to monitor, supervise or

**VERIFIED COMPLAINT**

50

9594801_4

surveil any of the business activities of TGC, which as described herein were violative of the CEA.

136.   Accordingly, each of the aforementioned officials and agents of Wal Costa Rica and TGC, respectively, are liable for their acts and omissions under Section 2(a)(1)(b) of the CEA, all of which are a direct cause of Plaintiffs' damages.

## VIII. VIOLATIONS OF THE RACKETEER INFLUENCED & CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1961, *ET SEQ.* ("RICO")

137.   Paragraphs 1 through 136 are repeated as if stated in their entirety.

138.   Defendants Phan, Wallack, Casares, Vilchez, Hernandez, Vallarino and Fairfield Law Firm and the Doe Defendants were and remain associated, either directly or indirectly, with Wal USA, Wal Costa Rica, Apex, My Forex Planet and TGC. Under the authority granted by Casares and Vilchez, Wallack had authority to act for and did act on behalf of Wal Costa Rica in dealings with other parties.   In turn, Wallack delegated that authority to Phan.

139.   Under the direction of Phan and Wallack, the assets of Wal Costa Rica, Wal USA, Apex, My Forex Planet and TGC were diverted and misappropriated in order, directly and indirectly, to enrich Phan, Wallack and others.

140.   The scheme, orchestrated by Phan and Wallack from California, New York and/or London, Switzerland, Costa Rica and Panama involved the diversion and

**VERIFIED COMPLAINT**

51

use of investors' assets to line their own pockets with those funds, as well as to generate commission and trading revenue from what was known to be improper and fraudulent trading activities undertaken by TGC through Wal USA, Wal Costa Rica, My Forex Planet and later Apex.

141.   To facilitate the transfer, use, and/or investment of these illicitly obtained assets, including their transfer to and among bank accounts in California, Hong Kong and possibly Turkey and/or Cyprus, Phan and Wallack (1) documented fictitious and simulated business transactions; (2) concealed financial information and personal conflicts of interest and self-dealings they had a fiduciary and contractual obligation to disclose to investors; and (3) misrepresented the nature of safety of the assets of investors to conceal fraudulent and/or fictitious currency trading activities, commingling or outright misappropriation.

142.   The intended and actual result of the foregoing transactions and activities was to plunder TGC, Apex, Wal USA, My Forex Planet and Wal Costa Rica by diverting investors' funds for their ultimate personal benefit.

143.   The companies and accounts owned and/or controlled by Phan and Wallack that received the diverted funds never intended to and did not provide reasonably equivalent or any value for the funds they received and never intended to and did not otherwise compensate, repay, or repatriate the diverted funds.  To the

**VERIFIED COMPLAINT**

9594801_4

contrary, each such event, each transaction and act was succeeded by another like act, event, or transaction, and the scheme did not end until December 2011 at the latest.

144.   Absent this fraudulent scheme orchestrated and perpetuated by Phan and Wallack, Plaintiffs' funds would not have been diverted and misappropriated.

145.   By engaging in the foregoing scheme involving fraudulent transactions and communications undertaken to conceal, perpetrate, and perpetuate their scheme, Phan and Wallack intentionally participated in a scheme, using the mails and wires, to defraud Plaintiffs and other investors in TGC, Apex, Wal USA, My Forex Planet and Wal Costa Rica of money by means of material misrepresentations and omissions by Phan and Wallack.  Plaintiffs suffered injury as a result of the fraud in the amount of the moneys that Phan and Wallack fraudulently procured from them.

146.   Through the foregoing conduct, Phan and Wallack, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by false and deceptive means and pretenses, representations, and promises, transmitted and caused to be transmitted false and misleading communications through the mails and by wire communications in interstate commerce for the purpose of executing a such and artifice to defraud, in violation of 18 U.S.C. §§ 1341 & 1343.

147.   The foregoing scheme and each act committed in furtherance thereof violates the National Stolen Property Act, 18 U.S.C. § 2314 *et seq.,* in that Phan, Wallack and companies under their control, including but not limited to My Forex

**VERIFIED COMPLAINT**

Planet and Zenoost, (1) transported, transmitted, and/or transferred in interstate commerce money and property of a value of $5,000 or more knowing the same to have been stolen, converted, and taken by fraud; and (2) received and disposed of money and property of a value of $5,000 or more that had crossed state lines despite knowing the money and property had been stolen, unlawfully converted, and taken.

### Violations of 18 U.S.C. § 1962(c)

148.   Paragraphs 1 through 147 are repeated as if stated in their entirety.

149.   At all relevant times, Plaintiffs were "persons" for purposes of 18 U.S.C. §§ 1961(3) and 1964(c).

150.   At all relevant times, each of the Defendants was a "person" under 18 U.S.C. 1961(3) and 1962(c).

151.   Through the conduct described in this Complaint, Phan and Wallack, alone and/or in concert with TGC and its officers, Wal USA, Wal Costa Rica, My Forex Planet and its officers, and Apex and its officers/directors and others, conducted and/or participated in the conduct of the affairs of various business enterprises, directly or indirectly, through illicit activities constituting a pattern of racketeering activity, all in violation of 18 U.S.C. § 1962(c).

152.   Defendants Phan and Wallack were and are associated with an enterprise compromised of TGC, Wal USA, Wal Costa Rica, Apex, Zenoost, My Forex Planet,

### VERIFIED COMPLAINT

54

9594801_4

CTN, Metatrader, Dukascopy, Coldwell and the Doe Defendants (hereinafter, the "TGC Enterprise") and participated, directly or indirectly, in the conduct of the TGC Enterprise's affairs through a pattern of racketeering activities encompassing conduct in violation of 18 U.S.C. § 2314 (National Stolen Property Act); 18 U.S.C. § 1341 (mail fraud); and 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. §1956 (the federal money laundering statute); and 18 U.S.C. § 1957 (the monetary transactions in criminally derived property statute).

153.   Phan and Wallack caused My Forex Planet, Wal USA and Zenoost to transfer hundreds of thousands of dollars, in some instances through credit card merchant accounts, to Wal Costa Rica and Apex for trading by TGC through Dukascopy, CTN and Metatrader.

154.   These expenditures directly benefited Phan, Wallack, Wal USA, Wal Costa Rica, Apex, My Forex Planet, TGC, and also benefited CTN, Moskowitz, Metatrader and Dukascopy through commissions, fees, margin interest and other revenue, at the direct expense and to the prejudice of Plaintiffs and were intended to conceal the true nature and purpose of the transfers of funds designated for currency trading.   The mischaracterizations of these diverted payments were deceptive and intended to conceal the true nature of the transactions.

155.   The foregoing conduct constitutes a pattern of racketeering activity. Plaintiffs have been directly financially harmed in their business and property as a

**VERIFIED COMPLAINT**

55

direct and proximate result of such racketeering activity and are entitled to recover treble damages and attorneys' fees under 18 U.S.C. § 1964(c).

### Violation of 18 U.S.C. § 1962(b)

156.   Paragraphs 1 through 155 are repeated as if stated in their entirety.

157.   At all relevant times, each of the Plaintiffs are "persons" for purposes of 18 U.S.C. §§ 1961(3) and 1964(c).

158.   At all relevant times, each of the Defendants was a "person" for purposes of 18 U.S.C. §§ 1961(3) and 1962(b).

159.   The TGC Enterprise constitutes an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(b), which was engaged in activities that affect and/or impact interstate commerce.

160.   Through the conduct described in this Complaint, TGC, Wal USA, Wal Costa Rica, Apex, Phan and Wallack controlled the TGC Enterprise in violation of 18 U.S.C. 1962(b).

161.   The conduct described in this Complaint through which control over the TGC Enterprise constituted a pattern of racketeering activity encompassing violations of 18 U.S.C. § 2314 (National Stolen Property Act); 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. 1343 (wire fraud); 18 U.S.C. 1956 (federal money laundering statute); and 18 U.S.C. § 1957 (the monetary transactions in criminally derived property statute).

**VERIFIED COMPLAINT**

162.   As a direct and proximate result of the foregoing activities, prohibited under 18 U.S.C. § 1962(b), Plaintiffs have suffered substantial injury to their business and property. Plaintiffs have been directly financially harmed in their business and property and are entitled to recover treble damages and attorneys' fees under 18 U.S.C. § 1964(c).

**Violation of 18 U.S.C. § 1962(a)**

163.   Paragraphs 1 through 163 are repeated as if stated in their entirety.

164.   At all relevant times, each of the plaintiffs were "persons" under 18 U.S.C. §§ 1961(3) and 1964(c).

165.   At all relevant times, each of the defendants was a "person" under 18 U.S.C. §§ 1961(3) and 1962(a).

166.   At all relevant times, the TGC Enterprise was an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(a), which was engaged in activities that affect and/or impact interstate commerce.

167.   As described above, Defendants Phan, Wallack, Wal USA, Wal Costa Rica, My Forex Planet, TGC and Apex wrongfully converted Plaintiffs' funds and those of others through fraudulent acts.

168.   In order to perpetuate and conceal their schemes, Defendants Phan, Wallack, Wal USA, Wal Costa Rica, TGC, My Forex Planet and Apex caused income

**VERIFIED COMPLAINT**

57

they received through the transactions handled by CTN, Metatrader and Dukascopy described in this Complaint, which transactions constitute a pattern of racketeering activity, to be used in the operation of the TGC Enterprise in violation of 18 U.S.C. § 1961(a).

169.   The transactions described in the Complaint constitute a pattern of racketeering activity, encompassing multiple violations of 18 U.S.C. § 2314 (National Stolen Property Act); 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1956 (federal money laundering statute); and 18 U.S.C. § 1957 (the monetary transactions in criminally derived property statute).

170.   Plaintiffs have been substantially injured their business and property as a direct and proximate result of the foregoing violations of 18 U.S.C. § 1962(a). Plaintiffs have been directly financially harmed in their business and property and are entitled to recover treble damages and attorneys' fees under 18 U.S.C. § 1964(c).

**Violation of 18 U.S.C. § 1962(d):  Conspiracy to Violate Section 1962(a)**

171.   Paragraphs 1 through 170 are repeated as if stated in their entirety.

172.   At all relevant times, each of the Plaintiffs were "persons" under 18 U.S.C. §§ 1961(3) and 1964(c).

173.   At all relevant times, each of the Defendants was a "person" under 18 U.S.C. §§ 1961(3), 1962(a) and 1962(d).

**VERIFIED COMPLAINT**

58

9594801_4

174.   At all relevant times, the TGC Enterprise was an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(a) and was engaged in activities that affect interstate commerce.

175.   As described previously in this Complaint, Defendants Phan, Wallack, Wal USA, Wal Costa Rica, My Forex Planet, TGC and Apex caused Plaintiffs' assets and property of others to be circulated to and wrongfully converted or commingled for their own ultimate benefit and gain.

176.   The transactions described in the Complaint violated 18 U.S.C. § 2314 (National Stolen Property Act); 18 U.S.C. § 1341 (mail fraud); and 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. §1956 (the federal money laundering statute); and 18 U.S.C. § 1957 (the monetary transactions in criminally derived property statute).

177.   The transactions described in this Complaint constitute a pattern of racketeering activity.

178.   Defendants Phan, Wallack, Wal USA, Wal Costa Rica, My Forex Planet, TGC and Apex and other wrongdoers conspired, confederated, and agreed with one another to violate 18 U.S.C. § 1962(a) in violation of 18 U.S.C. § 1962(d) through the conduct set forth hereinabove.

179.   Specifically, Defendants Phan, Wallack, Wal USA, Wal Costa Rica, My Forex Planet, TGC and Apex conspired, confederated and agreed with one another to

**VERIFIED COMPLAINT**

59

convert or aid in the conversion of  proceeds obtained from the transactions described in this Complaint, which constitute a pattern of racketeering activity.

180.   Plaintiffs have been injured their business and property as a direct and proximate result of the forgoing violations of 18 U.S.C. §§ 1962(a) and 1962(d). Plaintiffs have been directly financially harmed in their business and property and are entitled to recover treble damages and attorneys' fees under 18 U.S.C. § 1964(c).

**Violation of 18 U.S.C. § 1962(d):  Conspiracy to Violate 18 U.S.C. 1962(b)**

181.   Paragraphs 1 through 180 are repeated as if stated in their entirety.

182.   At all relevant times, each of the Plaintiffs were "persons" under 18 U.S.C. §§ 1961(3) and 1964(c).

183.   At all relevant times, each of the Defendants was a "person" under 18 U.S.C. §§ 1961(3), 1962(a) and 1962(d).

184.   At all relevant times, the TGC Enterprise was an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(b), which was engaged in activities that affect and/or impact interstate commerce.

185.   The transactions described in this Complaint violated 18 U.S.C. § 2314 (National Stolen Property Act); 18 U.S.C. § 1341 (mail fraud); and 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. §1956 (the federal money laundering statute); and 18 U.S.C. § 1957 (the monetary transactions in criminally derived property statute).

**VERIFIED COMPLAINT**

9594801_4

186.   The transactions described in this Complaint constitute a pattern of racketeering activity.

187.   Defendants and other wrongdoers conspired, confederated, and agreed with one another to violate 18 U.S.C. § 1962(b) in violation of 18 U.S.C. § 1962(d) through the illicit activities and conduct set forth hereinabove.

188.   Specifically, Phan, Wallack  and other wrongdoers conspired to acquire the funds of Plaintiffs and other investors through a pattern of racketeering activities.

189.   Plaintiffs have been injured in their business and property as a direct and proximate result of the foregoing violations of 18 U.S.C. §§ 1962(b) and 1962(d). Plaintiffs have been directly financially harmed in their business and property and are entitled to recover treble damages and attorneys' fees under 18 U.S.C. § 1964(c).

**Violation of 18 U.S.C. § 1962(d):  Conspiracy to Violate 18 U.S.C. § 1962(c)**

190.   Paragraphs 1 through 190 are repeated as if stated in their entirety.

191.   At all times material to this action, all Plaintiffs constituted "persons" with standing to sue pursuant to 18 U.S.C. §§ 1961(3) and 1964(c).

192.   At all times material to this action, Defendants are and were "persons" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(d).

193.   At all times material to this action, Defendants conspired with each other and unnamed co-conspirators for purposes of violating 18 U.S.C. § 1962(c).

**VERIFIED COMPLAINT**

61

9594801_4

194.   As a proximate cause of the violation of 18 U.S.C. § 1962(d) by Defendants, by conspiring to violate 18 U.S.C. § 1962(c) and these Defendants' overt racketeering acts, Plaintiffs have been directly financially harmed in their business and property and are entitled to recover treble damages and attorneys' fees under 18 U.S.C. § 1964(c).

## IX.  UNJUST ENRICHMENT

### (against Phan, Wallack, Wal USA, Wal Costa Rica, TGC, Apex, CTN, Metatrader and Dukascopy)

195.   Paragraphs 1 through 194 are repeated as if stated in their entirety.

196.   Plaintiffs' investments in TGC, Wal USA, Wal Costa Rica, My Forex Planet and Apex represent a primary sole of their revenue and capital.   CTN, Metatrader and Dukascopy each earned revenue in the form of service fees, commissions and other funds for their provision of services to TGC, Wal USA, Wal Costa Rica, My Forex Planet and Apex.

197.   As a direct and proximate result of the acts alleged herein, the foregoing defendants wrongfully deprived Plaintiffs of their assets and were unjustly enriched thereby.  As it would be unjust under the circumstances for these defendants to benefits from the fraudulent and wrongful activities described herein, the foregoing Defendants

**VERIFIED COMPLAINT**

62

are liable to Plaintiffs for such unjust enrichment and should be required to disgorge their unjust gains and return them to Plaintiffs.

## REQUEST FOR MEDIATION

198.   Given the complexity of this matter and number of parties involved in various jurisdictions, Plaintiffs state their desire that the actions against all parties *except for* (a) Wal USA, (b) Zenoost, (c) My Forex Planet, (d) Phan and (e) Wallack be referred to mediation under the supervision of this Court as soon as is practicable.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, upon due proceedings, relief be rendered herein in their favor as follows:

1.   Immediately appointing a receiver to take charge of the affairs and property of (a) Wal USA, (b) Zenoost, (c) My Forex Planet, (d) Phan and (e) Wallack pending trial of this matter, an injunction prohibiting the disposition of funds from these entities and individuals, as well as an immediate accounting of Plaintiffs' funds therein;

2.   Awarding to Plaintiffs money damages against all Defendants, jointly and severally or otherwise, for all losses, injuries, and damages suffered as a result of the Defendants' wrongful acts, including statutory penalties, and prejudgment interest as appropriate;

**VERIFIED COMPLAINT**

63

3.     Awarding Plaintiffs treble damages and Plaintiffs' attorneys' fees and costs of suit for all losses and damages suffered by the Fund as a result of the Defendants' violations of RICO;

4.     Awarding Plaintiffs punitive damages against each defendant jointly and severally in an amount no less than $2 million.

5.     Awarding Plaintiffs' counsel attorneys' fees and costs of suit as authorized by law and/or equity;

6.     Awarding Plaintiffs interest on all amounts awarded herein from the date of judicial demand at the maximum rate permitted by law; and

7.     Awarding Plaintiffs all other relief to which they may be permitted at law or in equity upon the premises hereof.

### JURY DEMAND

Plaintiffs demand a trial by jury of all claims in this action so triable.

Dated: August 29, 2012

_____
Robert H. Dewberry [fax signature]
the**Dewberry**firm

_____
Robert V. Cornish, Jr.
**DILWORTH PAXSON LLP**
Admission *pro hac vice* pending
**VERIFIED COMPLAINT**   [fax signature]

64

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

------------------------------------------------------------------------

**WILLIAM WILBER; NICOLE KHARZI, KAREN OLDMIXON, LARRY CAIN, ROBYN JAMISON, OTTO FOX, GAIL YOUNG, MARK THOMAS, CINDY DICOSIMO, CAROL WINKLER and DAVID WINKLER,**

          **Plaintiffs,**

   **vi.**

**TOP GLOBAL CAPITAL, INC.; WAL CAPITAL, LLC; WAL CAPITAL, S.A.; APEX GLOBAL EXCHANGE, LTD.; MY FOREX PLANET, INC.; ZENOOST, INC; CTN SYSTEMS CORP.; MORRIS MOSKOWITZ; METAQUOTES SOFTWARE CORP.; DUKASCOPY BANK, S.A.; COLDWELL, LTD.; FAIRFIELD LAW FIRM S.A.; LISBETH GONZALEZ HERNANDEZ; JAVIER GIL VALLARINO; MELODY PHAN; MARC WALLACK; GLENN ALCARAZ; ROSAURA PATRICIA BARQUERO CASARES; SAMUEL VILCHEZ; ROY BAKER and JOHN DOES 1-100,**

          **Defendants.**

------------------------------------------------------------------------

## VERIFICATION

I, Larry Cain, have read the foregoing Complaint in which I am appearing as a named plaintiff, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. I make this declaration subject to penalty of perjury pursuant to 28 U.S.C. § 1746.

This the 27ᵗʰ day of AUGUST , 2012.

_____
Larry Cain
[fax signature]

**VERIFIED COMPLAINT**

65

# *Exhibit "1"*

| | | | |
|---|---|---|---|
| **No. de Ficha:** | 680134 | **No. Documento:** | 1673092 |

**Nombre de la Sociedad:**
TOP GLOBAL CAPITAL INC.

| | | | | | |
|---|---|---|---|---|---|
| **Tomo:** | 0 | **Folio:** | 0 | **Asiento:** | 0 |

**Fecha de Registro:** 02-11-2009      **Status:**      VIGENTE
**No. de Escritura:** 23266      **Fecha de Escritura:** 29-10-2009
**Notaria:** 5      NOTARIA QUINTA DEL CIRCUITO
**Provincia Notaria:**      PANAMA
**Duración:** PERPETUA      **Domicilio:** PANAMA
**Status de la Prenda:**      (DEF-DEFINITIVA, PRE-PRELIMINAR)

**Datos de 1a. Tasa Única**

**Boleta:** 2021448      **Fecha de Pago:** 30-10-2009
**Agente Residente:** BUFETE VALLARINO Y ASOCIADOS

**Datos del Diario**

**Tomo:** 2009      **Asiento:** 200097

**Datos de Microfilmación**

**Rollo:** 0      **Imagen:** 0

**Moneda:** DOLARES AMERICANOS.
**Monto de Capital:** 10,000.00
**Capital**
EL CAPITAL SOCIAL AUTORIZADO ES DE DIEZ MIL DOLARES 10,000 DIVIDIDO EN
EN CIEN 100 ACCIONES CON VALOR NOMINAL DE CIEN DOLARES 100.00 CADA UNA.

**Representante Legal**
LA REPRESENTACION LEGAL LA EJERCERA EL PRESIDENTE EN SU DEFECTO EL
SECRETARIO O EL TESORERO O CUALQUIERA PERSONA QUE DESIGNE LA JUNTA
DIRECTIVA.

**Título del Dignatario**      **Nombre del Dignatario**
PRESIDENTE      THE FAIRFIELD LAW FIRM, S.A.

https://www.registro-publico.gob.pa/scripts/nwwisapi.dll/conweb/MESAMENU?TODO=S...   2/13/2012

TESORERO               LISBETH GONZALEZ HERNANDEZ
SECRETARIO             JAVIER GIL VALLARINO

**Nombre de los Directores**

THE FAIRFIELD LAW FIRM, S.A.
JAVIER GIL VALLARINO
LISBETH GONZALEZ HERNANDEZ

**Nombre de los Suscriptores**

JAVIER GIL VALLARINO
LISBETH GONZALE HERNANDEZ

**Datos del Oficio**

**Disolución, Quiebra, Fusión, Redomicilio Provisional o Definitivo**

**Rollo:**                                          **Imagen:**

**Fecha-Micro:**

**Datos del Diario**

**Tomo:**                                           **Asiento:**

**Datos de la Escritura**

**Número:**                                         **Fecha:**

**Notaria:**                                        **Provincia:**

**Tipo Acta:**

**Detalle**

**No. Documento:**      7009190707       **Fecha Liquidación:**       10-07-2009

## DATOS GENERALES

**Persona que Presenta la Liquidación**        NELSON ORTEGA

**Dueño del Documento:**        THE FAIRFIELD LAW FAIRM,S.A.
                                8-775-623

**Persona que Registra Pago:**        YONU

| | | | |
|---|---|---|---|
| **Fecha:** | 10-07-2009 | **Hora:** | 14:15:56.2 |
| **Status:** | ** PAGADO ** | | |
| **R.P.:** | 50.00 | **L44/76:** | 10.00 |
| **Total:** | 60.00 | | |
| **Lugar de Recaudación:** | 8700 | **Total Ajustes:** | 0.00 |

**Sección del Documento:**        PERSONAS MERCANTIL

**Tipo Documento:**        CONSTITUCION

**Referencia:**

### Datos del Diario

**Tomo:**        2009                **Asiento:**        129519

### Detalle de la Escritura

**Fecha:**        02-07-2009                **Número:**        9399

**Notaria:**        9                **Prov:**        PANAMÁ

**No. de la Ficha:**        668436

### R.U.C.:

**Tomo:**        0        **Folio:**        0        **Asiento:**        0

### Datos de Microfilmación

**Fecha:**        00-00-0000        **Rollo:**        0        **Imagen:**        0

### Detalle del Documento

CERTIFICADO DE CONSTITUCION DE THE FAIRFIELD LAW FAIRM,S.A.

| | **Fecha** | **Hora** | **Usuario** | **Sección Donde Está** | 97 |
|---|---|---|---|---|---|
| **Entrada** | 10-07-2009 | 14:15:36.3 | YONU | VALIJA | |

|  | Fecha | Hora | Usuario | Sección Donde Va | 20 |
|---|---|---|---|---|---|
| Salida | 10-07-2009 | 14:15:56.8 | YONU | PERSONAS MERCANTIL | |

**Persona Encargada:**

**Razón Pendiente:**

# *Exhibit "2"*

Consecutivo: 768355

RN-06

VALE ₡ 2.800,00
Dos mil ochocientos colones

**REGISTRO NACIONAL**
REPÚBLICA DE COSTA RICA

SERVICIOS REGISTRALES
**CERTIFICACIÓN REGISTRAL**

| **Registro Inmobiliario** Propiedad | |
|---|---|
| ☐ Inmuebles | Finca: Provincia: _____ Matrícula: _____ Derecho: _____ |
| ☐ Catastro | Plano: _____ |
| ☐ Documento digitalizado | Documento: Tomo: _____ Asiento: _____ |

| **Registro Personas Jurídicas** Mercantil | |
|---|---|
| | Cédula Jurídica: 1 JUL. 2012 |
| ☐ Personería | Poder(citas): |
| ☐ Literalidad | _____ _____ _____ |
| ☐ Cédula Jurídica | Doc. Digitalizado: Tomo: 516 Asiento: 3605+ |
| ☐ Histórico | Afectación citas): |
| | _____ _____ _____ |

| **Registro de Bienes Muebles** Vehículos | |
|---|---|
| | 11 JUL. 2012 |
| ☐ Certificación | Vehículo: Clase: _____ Código: _____ Placa: _____ |
| ☐ Depósito de Placa | Tomo: _____ Asiento: _____ |
| ☐ Documento digitalizado | |
| ☐ gravamen | Tomo: _____ Asiento: _____ Sec: _____ |
| ☐ Permiso de Salida | |

| Propiedad Industrial | 11 JUL. 2012 | |
|---|---|---|
| | ☐ Marca de Fábrica | ☐ Patente de Invención |
| ☐ Certificación Nacional | ☐ Marca Comercial | ☐ Nombre Comercial |
| | ☐ Marca de Servicios | ☐ Señal de Propaganda |
| ☐ Certificación Internacional | ☐ Modelo Industrial | ☐ Otros |
| | Número de expediente: _____ | Número de Registro: _____ |
| | Nombre: _____ | Nombre de la Marca: _____ |

_____ ☐ Traspaso ☐ Inscripción de marca caduca

Número de expediente: _____

☐ Obra ☐ Obra Artística ☐ Contratos relacionados al Derecho de Autor

Número de cédula: _____

Nombre de Registro: _____

TIMBRE 500 COLONES TIMBRE 500 COLONES

TIMBRE 500 COLONES TIMBRE 500 COLONES

COSTA RICA TIMBRE 300 COLONES

73

217341

**Inscritos**

| | | |
|---|---|---|
| **Tipo** | : | I |
| **Origen** | : | 1.0 |
| **Tomo** | : | 576.0 |
| **Asiento** | : | 36057.0 |
| **Consecutivo** | : | 1.0 |
| **Versión** | : | 1.0 |
| **Oficina Regional** | : | 01 |
| **Responsable** | : | BIINS09 |
| **Fecha de Registro** | : | 07/07/2008 00:00:00 |
| **Estado** | : | A |

1 1 JUL. 2012

REGISTRO NACIONAL CERTIFICA:
Que la presente es copia fiel de su original Asiento 3605
Tomo 5 C Nº Exp. _____ Año 8
Cons. Pág. 081 a pág. 008
Nº Plano _____ Es conforme dado a
las 1500 horas del día 11 de Julio 2012
Nulo si no consta boleta de pago de derechos y timbres adjunta.
Firma: _____

..

# REPUBLICA DE COSTA RICA
# REGISTRO NACIONAL
# CERTIFICACION DE PODER
# NUMERO DE CERTIFICACION: RNPDIGITAL-284791-2012
# CITAS DE INSCRIPCION: 576-74004-1-2

## DATOS GENERALES DEL PODER

**FECHA DE INSCRIPCION:** 24/07/2008
**TIPO:** PODER GENERALISIMO **ESTADO ACTUAL:** INSCRITO
**PLAZO: FECHA DE INICIO:** 22/07/2008 **VENCIMIENTO:** *-*NO HAY*-*
**FACULTADES O RESTRICCIONES:** PODER GENERALISIMO SIN LIMITE DE SUMA CON LAS FACULTADES QUE DETERMINA EL ARTICULO 1253 DEL CODIGO CIVIL

## PARTES DEL PODER

**CITAS DE INSCRIPCION DE LA PARTE:** 576-74004-1-2 **FECHA:** 24/07/2008
**TIPO DE PARTE:** PODERDANTE **ESTADO DE LA PARTE:** INSCRITA
**OCUPADO POR:** WAL CAPITAL SOCIEDAD ANONIMA **CEDULA JURIDICA:** 3-101-539559

**PLAZO:** FECHA DE INICIO: 22/07/2008

**CITAS DE INSCRIPCION DE LA PARTE:** 576-74004-1-2 **FECHA:** 24/07/2008
**TIPO DE PARTE:** APODERADO **ESTADO DE LA PARTE:** INSCRITO
**OCUPADO POR:** MARC DAVID WALLACK **PASAPORTE:** 219802620
**PLAZO:** FECHA DE INICIO: 22/07/2008

**NO EXISTEN AFECTACIONES INSCRITAS PARA EL PODER CERTIFICADO**
**NO EXISTEN MOVIMIENTOS PENDIENTES PARA EL PODER CERTIFICADO**
**NO EXISTEN OBSERVACIONES PARA EL PODER CERTIFICADO**

ESTA CERTIFICACION. CUYOS DERECHOS ARANCELARIOS FUERON DEBIDAMENTE CANCELADOS, CONSTITUYE DOCUMENTO PUBLICO CONFORME LO ESTABLECEN LOS ARTICULOS 369 DEL CODIGO PROCESAL CIVIL, 5 INCISO D) DE LA LEY DE CERTIFICADOS. FIRMAS DIGITALES Y DOCUMENTOS ELECTRONICOS N° 8454, Y EL DECRETO EJECUTIVO N° 35488-J, PUBLICADO EN LA GACETA N° 196, DEL 8 DE OCTUBRE DE 2009. EN DICHO MARCO LEGAL SE ESTABLECE LA OBLIGATORIEDAD DE RECIBIR ESTE DOCUMENTO POR PARTE DE LOS ENTES PÚBLICOS Y PRIVADOS, ASÍ COMO PARA LOS PARTICULARES, POR LO QUE SI TIENE PROBLEMAS PARA LA RECEPCIÓN DE ESTE DOCUMENTO Y APLICACIÓN DE SUS EFECTOS LEGALES, SIRVASE COMUNICARLO AL CENTRO DE ASISTENCIA AL USUARIO, Teléfonos. 2211-1161 / 2211-1162.

ESTIMADO USUARIO, EL REGISTRO NACIONAL LE INDICA QUE EL VALOR DE LA PRESENTE CERTIFICACION FUE ESTABLECIDO POR LA JUNTA ADMINISTRATIVA EN LA SUMA DE DOS MIL CUATROCIENTOS OCHENTA Y DOS COLONES CON CINCUENTA CENTIMOS MAS LOS TIMBRES RESPECTIVOS; NINGUNA PERSONA FISICA O JURIDICA PUEDE VARIAR ESE VALOR.

EMITIDA A TRAVES DEL PORTAL DE SERVICIOS DIGITALES Y CON DATOS CONSULTADOS A UNA REPLICA OFICIAL DE LA BASE DE DATOS DEL REGISTRO NACIONAL, A LAS 15 HORAS 03 MINUTOS Y 31 SEGUNDOS, DEL 10 DE JULIO DE 2012.
PODRA SER VERIFICADA EN EL SITIO www.rnpdigital.com DENTRO DE LOS SIGUIENTES 15 DIAS NATURALES.

# REPUBLICA DE COSTA RICA
## REGISTRO NACIONAL
## CERTIFICACION LITERAL
## NUMERO DE CERTIFICACION: RNPDIGITAL-284779-2012
## PERSONA JURIDICA: 3-101-539559

## DATOS GENERALES

**RAZON SOCIAL O DENOMINACION:** WAL CAPITAL SOCIEDAD ANONIMA
**ESTADO ACTUAL:** INSCRITA
**DOCUMENTO ORIGEN:** TOMO: 576 ASIENTO: 36057 FECHA INSCRIPCION: 01/07/2008
**DOMICILIO:** SAN JOSE- GOICOECHEA DEL COSTADO SUR DE LA CLINICA CATOLICA, 25 OESTE, EDIFICIO ASESORES ADUANALES, SEGUNDO PISO.
**OBJETO/FINES (SINTESIS):** COMERCIO, INDUSTRIA, AGRICULTURA, GANADERIA, TURISMO, TRANSPORTE Y PRESTACION DE SERVICIOS. FUNGIR COMO FIDEICOMITENTE, FIDEICOMISARIO O FIDEICOMISADO. RENDIR FIANZAS Y GARANTIAS A SOCIOS O TERCEROS.
**PLAZO DE LA ENTIDAD JURIDICA:** INICIO: 03/06/2008 VENCIMIENTO: 03/06/2158

## CONFORMACION DEL CAPITAL O PATRIMONIO

**FECHA DE INSCRIPCION:** 01/07/2008 **TIPO DE CAPITAL:** SUSCRITO Y PAGADO **TIPO DE MONEDA:** COLONES
**CLASE DE ACCION O TITULO:** ACCIONES COMUNES Y NOMINATIVAS
**CANTIDAD TITULOS:** 100 **MONTO:** 1,000.00 **TOTAL:** 100,000.00

**NO EXISTEN MAS REGISTROS DE CAPITAL/PATRIMONIO PARA LA PERSONA JURIDICA**

## ADMINISTRACION

**PLAZO DE DIRECTORES Y/O PRORROGAS:** LOS DIRECTORES Y EL FISCAL DURARAN EN SUS CARGOS POR TODO EL PLAZO SOCIAL.
**LA JUNTA DIRECTIVA NO TIENE FACULTAD PARA OTORGAR PODERES**

## REPRESENTACION

LA REPRESENTACIÓN JUDICIAL Y EXTRAJUDICIAL CORRESPONDERA AL PRESIDENTE, CON FACULTADES DE APODERADO GENERALISIMO SIN LIMITE DE SUMA, SEGÚN EL ARTICULO 1253 DEL CODIGO CIVIL. PODRA OTORGAR PODERES GENERALISIMOS. SUSTITUIR SU PODER EN TODO O EN PARTE, REVOCAR SUSTITUCIONES Y HACER OTRAS DE NUEVO, CONSERVANDO EN TODO MOMENTO SU PODER.

## NOMBRAMIENTOS

### JUNTA DIRECTIVA

**FECHA DE INSCRIPCION:** 01/07/2008 **CARGO:** PRESIDENTE
**OCUPADO POR:** ROSAURA PATRICIA BARQUERO CASARES CEDULA DE IDENTIDAD: 1-0600-0121
**REPRESENTACION:** REPRESENTACION JUDICIAL Y EXTRAJUDICIAL
**VIGENCIA: INICIO:** 16/06/2008 **VENCIMIENTO:** 16/06/2158

**FECHA DE INSCRIPCION:** 01/07/2008 **CARGO:** SECRETARIO
**OCUPADO POR:** CARLOS VILCHEZ PRIETO CEDULA DE RESIDENCIA: 160400042705
**REPRESENTACION:** NO APLICA
**VIGENCIA: INICIO:** 16/06/2008 **VENCIMIENTO:** 16/06/2158

**FECHA DE INSCRIPCION:** 01/07/2008 **CARGO:** TESORERO
**OCUPADO POR:** SAMUEL VILCHEZ OBLITAS PASAPORTE: 3461892
**REPRESENTACION:** NO APLICA
**VIGENCIA: INICIO:** 16/06/2008 **VENCIMIENTO:** 16/06/2158

**NO EXISTEN MAS NOMBRAMIENTOS EN JUNTA DIRECTIVA**
**NOMBRAMIENTOS U OTROS CARGOS DE LA PERSONA JURIDICA**
**FECHA DE INSCRIPCION:** 01/07/2008 **CARGO:** FISCAL
**OCUPADO POR:** ALDO JIMENEZ ARIAS CEDULA DE IDENTIDAD: 4-0177-0341
**REPRESENTACION:** NO APLICA
**VIGENCIA: INICIO:** 16/06/2008 **VENCIMIENTO:** 16/06/2158

**FECHA DE INSCRIPCION:** 01/07/2008 **CARGO:** AGENTE RESIDENTE
**OCUPADO POR:** RONNEY ARCE MARIN CEDULA DE IDENTIDAD: 1-0874-0390

**REPRESENTACION:** NO APLICA
**VIGENCIA: INICIO:** 16/06/2008 **VENCIMIENTO:** 16/06/2158
**DIRECCION:** GUADALUPE, GOICOECHEA, 25 OESTE DEL COSTADO SUR DE LA CLINICA CATOLICA, EDIFICIO DE ASESORES ADUANALES.

FIN DE LOS NOMBRAMIENTOS O CARGOS DE LA PERSONA JURIDICA

## PODERES QUE HA OTORGADO LA PERSONA JURIDICA

INFORMACION DETALLADA O POSIBLES MOVIMIENTOS EN LA CERTIFICACION DEL PODER
CORRESPONDIENTE

**CITAS DE INSCRIPCION DEL PODER:** 576-74004-1-2 **FECHA:** 24/07/2008
**TIPO DE PODER:** PODER GENERALISIMO **ESTADO ACTUAL DEL PODER:** INSCRITO

NO EXISTEN MAS PODERES OTORGADOS POR LA PERSONA JURIDICA
NO EXISTE INFORMACION DE AFECTACIONES SOBRE LA PERSONA JURIDICA
NO EXISTE INFORMACION DE MOVIMIENTOS PENDIENTES SOBRE LA PERSONA JURIDICA
NO EXISTE INFORMACION DE OBSERVACIONES SOBRE LA PERSONA JURIDICA

ESTA CERTIFICACION, CUYOS DERECHOS ARANCELARIOS FUERON DEBIDAMENTE CANCELADOS, CONSTITUYE DOCUMENTO PUBLICO CONFORME LO ESTABLECEN LOS ARTICULOS 369 DEL CODIGO PROCESAL CIVIL, 5 INCISO D) DE LA LEY DE CERTIFICADOS, FIRMAS DIGITALES Y DOCUMENTOS ELECTRONICOS N° 8454, Y EL DECRETO EJECUTIVO N° 35488-J, PUBLICADO EN LA GACETA N° 196, DEL 8 DE OCTUBRE DE 2009. EN DICHO MARCO LEGAL SE ESTABLECE LA OBLIGATORIEDAD DE RECIBIR ESTE DOCUMENTO POR PARTE DE LOS ENTES PÚBLICOS Y PRIVADOS, ASÍ COMO PARA LOS PARTICULARES, POR LO QUE SI TIENE PROBLEMAS PARA LA RECEPCIÓN DE ESTE DOCUMENTO Y APLICACIÓN DE SUS EFECTOS LEGALES, SIRVASE COMUNICARLO AL CENTRO DE ASISTENCIA AL USUARIO. Teléfonos. 2211-1161 / 2211-1162.

ESTIMADO USUARIO. EL REGISTRO NACIONAL LE INDICA QUE EL VALOR DE LA PRESENTE CERTIFICACION FUE ESTABLECIDO POR LA JUNTA ADMINISTRATIVA EN LA SUMA DE DOS MIL CUATROCIENTOS OCHENTA Y DOS COLONES CON CINCUENTA CENTIMOS MAS LOS TIMBRES RESPECTIVOS; NINGUNA PERSONA FISICA O JURIDICA PUEDE VARIAR ESE VALOR.

EMITIDA A TRAVES DEL PORTAL DE SERVICIOS DIGITALES Y CON DATOS CONSULTADOS A UNA REPLICA OFICIAL DE LA BASE DE DATOS DEL REGISTRO NACIONAL, A LAS 15 HORAS 00 MINUTOS Y 29 SEGUNDOS, DEL 10 DE JULIO DE 2012.
PODRA SER VERIFICADA EN EL SITIO www.rnpdigital.com DENTRO DE LOS SIGUIENTES 15 DIAS NATURALES.

SELLO DEL NOTARIO

0227986 SERIE P

NUMERO
Favor no Rayar

217342

NUMERO CIENTO CINCUENTA TRES: Ante nosotros, CLARA ALVARADO JIMÉNEZ y AUGUSTO ARCE MARIN, Notarios Públicos con oficina abierta en la ciudad de San José, actuando en el protocolo del segundo, comparecen las señoras: VIVIANA PATRICIA CARBALLO BARQUERO, mayor, soltera, asistente, portadora de la cédula de identidad número uno - mil doscientos setenta - quinientos uno, y ROSAURA PATRICIA BARQUERO CASARES, mayor, soltera, empresaria, portadora de la cédula de identidad número uno - seiscientos - ciento veintiuno, ambas con domicilio en San José, Goicoechea, del costado sur de la Clínica Católica veinticinco metros oeste, en Edificio Asesores Aduanales segundo piso, y MANIFIESTAN: Que han convenido en constituir una sociedad anónima, que se regirá por las disposiciones correspondientes del Código de Comercio vigente y por las siguientes cláusulas: PRIMERA: DEL NOMBRE: La sociedad se denominará WAL CAPITAL SOCIEDAD ANONIMA, que es nombre de fantasía, pudiendo abreviarse las dos últimas palabras en "S.A." SEGUNDA: DEL DOMICILIO: El domicilio social será la ciudad de San José, Goicoechea, del costado sur de la Clínica Católica veinticinco metros oeste, en Edificio Asesores Aduanales, Segundo Piso, pudiendo establecer agencias y sucursales o ambas en cualquier lugar del país o fuera de él, así como transferir su domicilio de acuerdo a las necesidades de la sociedad, por acuerdo de la Asamblea General de Accionistas, bastando para acuerdo que esté debidamente certificado de conformidad con el principio de locus regit actum, pudiendo ser el domicilio de la sociedad fijado por la Asamblea donde ésta así lo determine de conformidad con lo establecido en la presente cláusula. TERCERA: DEL OBJETO: Objeto: La sociedad se dedicará en al comercio en general a brindar servicios de asesoría financiera pudiendo en el cumplimiento de estos fines ejecutar correduría, consultoría, intercambio, compra, venta, pignoración y comercio en general de todo tipo de títulos cambiarios y acciones u cuotas, fungir como fideicomitente, fideicomisario y fiduciario, recibir donaciones, podrá disponer en forma amplia de todo de tipo de bienes muebles, inmuebles, derechos reales o personales permitidos por la legislación Costarricense. Podrá formar parte de otras sociedades o actuar en conjunto con ellas, rendir e intermediar en todo tipo de fianzas y garantías a favor de socios o de terceros, siempre y cuando por ello perciba un beneficio económico. Podrá abrir cuentas corrientes o de ahorros en bancos nacionales o extranjeros, asumir la representación de personas físicas o jurídicas, nacionales o extranjeras, así como realizar gestiones administrativas, judiciales y extrajudiciales. Pudiendo en cumplimiento de este objeto ejecutar sus fines, tanto en territorio nacional como en el extranjero. CUARTA: DEL PLAZO SOCIAL: El plazo social es de ciento cincuenta años a partir de la fecha de su constitución. QUINTO: DEL CAPITAL SOCIAL: El capital social será la suma de cien mil colones, íntegramente suscrito y pagado por los socios como adelante se dirá, representado por cien acciones comunes y nominativas de mil colones cada una, las que serán firmadas por el Presidente de la Junta Directiva. SEXTA: DEL EJERCICIO ECONOMICO: El ejercicio económico termina el treinta de setiembre de cada

Registro Mercantil
Registrador 463

78



JDF
TB

217343

año, fecha en que se practicarán inventarios y balances utilizando las prácticas contables usuales. SÉPTIMO: DE LAS UTILIDADES: De las utilidades líquidas anuales se separará un cinco por ciento para la formación de un fondo de Reserva Legal, cesando esta obligación una vez que este fondo alcance el veinte por ciento del capital social, según lo establecido en el artículo ciento cuarenta y tres del Código de Comercio. Sobre el remanente se distribuirán los dividendos en proporción a las acciones de cada socio. En la misma se soportarán las pérdidas si las hubiera. OCTAVA: DE LA JUNTA DIRECTIVA: La sociedad será administrada por una Junta Directiva compuesta por tres miembros, con los cargos de Presidente, Secretario y Tesorero. La elección de los directivos se regirá por el sistema de voto simple. Corresponderá al Presidente, la representación judicial y extrajudicial de la compañía, con facultad de apoderado generalísimo sin limitación de suma, conforme al artículo mil doscientos cincuenta y tres del Código Civil, podrá otorgar poderes generalísimos, sustituir su poder en todo o en parte, revocar sustituciones y hacer otras de nuevo, conservando en todo momento su poder. Quedan además facultado el presidente a abrir cuentas de ahorros o corrientes en los bancos del sistema bancario, nacional e internacional, para girar cheques contra las cuentas corrientes que la sociedad tenga en bancos nacionales o extranjeros, efectuar y retirar depósitos a plazo fijo en dichas instituciones, así como autorizar a terceras personas para cualquier tipo de trámite relacionado con las anteriores cuentas. NOVENA: DE LA VIGILANCIA: La vigilancia de la sociedad estará a cargo de un fiscal de nombramiento de la Asamblea de Accionistas, que durará en su cargo durante todo el plazo social salvo remoción por parte del órgano que lo nombró y cuyas atribuciones son las consignadas en el artículo ciento noventa y siete del Código de Comercio. DECIMA: PLAZO DEL NOMBRAMIENTO: Los directivos durarán en su cargo todo el plazo social, salvo remoción por parte de la Asamblea de Accionistas. DECIMO PRIMERA: SESIONES DE LA JUNTA DIRECTIVA: La Junta Directiva se reunirá ordinariamente por lo menos una vez al año, y extraordinariamente cuando sea convocada por el Presidente, quien lo hará por medio de carta certificada que enviará al domicilio de cada directivo al menos con tres días de anticipación, o por cualquier otro medio en que quede constancia escrita. Las sesiones se harán en el domicilio social y harán quórum dos de sus miembros y sus resoluciones se tomarán por mayoría de votos presentes, en caso de empate decidirá el Presidente con doble voto. DECIMA SEGUNDA: DE LA ASAMBLEA GENERAL: Los socios celebrarán una reunión anual ordinaria dentro de los tres primeros meses, después de finalizado el año económico. En la Asamblea Ordinaria se conocerá lo siguiente: a) Discusión y aprobación o no del informe sobre los resultados del ejercicio anual que presenten los administradores y tomar sobre él las medidas que juzguen oportunas; b) Acordar la distribución de las utilidades conforme a lo que al respecto se ha dicho; y c) Realizar los nombramientos o revocatorias pertinentes de los administradores cuando proceda. Extraordinariamente se reunirán cuando sean convocados por el Presidente de la Junta Directiva, mediante carta

79



217344

certificada que se hará llegar a cada socio, con al menos quince días naturales de anticipación, en los que no se contarán el de envío de la carta ni el de celebración de la Asamblea. Podrá prescindirse de la convocatoria cuando estando reunidos la totalidad de los socios así lo acuerden, haciéndose constar tal circunstancia en el acta correspondiente, la cual deberá ser firmada por la totalidad de los socios. Para que en la Asamblea Ordinaria haya quórum en la primera convocatoria deberán estar presentes, la mitad de las acciones con derecho a voto y las resoluciones serán válidas únicamente cuando se tomen con el voto de las que representen más de la mitad de ellas. En las Asambleas ordinarias y extraordinarias, en virtud de la segunda convocatoria formarán quórum con cualquier número de accionistas presentes y los acuerdos se tomarán por simple mayoría de los presentes. La primera y segunda convocatoria puede hacerse simultáneamente, para oportunidades que estarán separadas, cuando menos, por el lapso de una hora cada una. DECIMO TERCERA: DE LA DISOLUCION: La sociedad se disolverá por cualquiera de las causas estipuladas por el Código de Comercio y en tal caso la Asamblea de Accionistas con el quórum de ley procederá al nombramiento de un liquidador, a quien en el mismo acto se le fijarán sus atribuciones. PAGO DE CAPITAL: La compareciente Carballo Barquero suscribe y paga noventa y nueve acciones comunes y nominativas de mil colones y la compareciente Barquero Casares, suscribe y paga una acción de mil colones cada una. Los otorgantes pagan el capital suscrito mediante una Letra de Cambio por igual suma. Las letras de cambio son a favor de la sociedad, a la vista y giradas por los suscriptores y se estiman la primera en la suma de noventa y nueve mil colones; la segunda en la suma de mil colones; valor que representan y que los socios, aceptan como real y verdadero, las cuales recibe el Presidente para hacerlas efectivas y depositarlas en la caja de la sociedad en su oportunidad. Por unanimidad se procede a efectuar los siguientes nombramientos: PRESIDENTE: la compareciente Barquero Casares, SECRETARIO: CARLOS VILCHEZ PRIETO, de nacionalidad peruana, mayor, divorciado una vez, empresario, portador de la cédula de residencia costarricense número uno seis cero cuatro cero cero cero cuatro dos siete cero cinco, con domicilio en San Pablo de Heredia Lomas de San Pablo 13-D, Tesorero: SAMUEL VILCHEZ OBLITAS, mayor, viudo, pensionado, portador del pasaporte peruano número  tres cuatro seis uno ocho nueve dos, con domicilio en Lima Peru, y Fiscal ALDO JIMENEZ ARIAS, mayor, soltero, asistente, portador de la cédula de identidad número cuatro- ciento setenta y siete- trescientos cuarenta y uno, con domicilio en San Rafael de Heredia, Urbanización El ensueño, detrás del cementerio. AGENTE RESIDENTE: AUGUSTO ocho nueve dos, RONNEY ARCE MARIN, mayor, divorciado una vez, abogado, portador de la cédula de identidad número uno- ochocientos setenta y cuatro- trescientos noventa, con domicilio en San José Avenida diez bis casa número veintitrés ochenta y cinco. Con oficina abierta para oír notificaciones en Guadalupe Goicoechea, veinticinco metros oeste del costado sur de la Clínica Católica, edificio de Asesores Aduanales. Todos los nombrados aceptan